**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

KP SANGHVI & SONS,                                    :
                                                      :
                        Plaintiff,                    :
                                                      :        06 CIV 5751 (HB)
             v.                                       :
                                                      :
M. FABRIKANT & SONS, INC.,                            :        <u>FIRST AMENDED ANSWER</u> and
                                                      :        <u>AFFIRMATIVE DEFENSES</u>
                                                      :
                        Defendant.                    :
------------------------------------------------------------X

    M. FABRIKANT & SONS, INC., a New York corporation, by and through its counsel

Troutman Sanders LLP responds to Plaintiff's Complaint as follows:

    1.    Admit.

    2.    Admit.

    3.    Admit.

    4.    Paragraph 4 makes legal arguments to which no answer is required by Defendant.

    5.    Admit.

    6.    Admit.

    7.    Admit.

    8.    Denied.  Defendant avers that $1,863,380.92 is the proper sum.

    9.    Admit.

    10.   Admit.

    11.   Defendant denies that it ever described its financial circumstances as dire and

admits the balance of the allegations in paragraph 11.

    12.   Admit.

13.    Denied.  Defendant avers that $1,863,380.92 is the proper sum.

14.    Admit.

15.    Denied.  Defendant avers that $1,863,380.92 is the proper sum.

WHEREFORE, Defendant prays for judgment dismissing the complaint, plus costs, fees and expenses incurred herein; and for such other and further relief as is just and proper.

### AFFIRMATIVE DEFENSE

Plaintiff does not have authority to do business in the State of New York as set forth in the annexed certification of the Department of State.  Pursuant to Business Corporation Law § 1312, which applies in federal court as well as state court, a "foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation ahs been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute, as defined in section eighteen hundred of such law, as well as penalties and interest charges related thereto, accrued against the corporation."

Plaintiff's lack of capacity due to its failure to file an application for authority for all of the years that it has been doing business in New York is a jurisdictional bar to the maintenance of this action.  See, e.g., Town of Claverack v. Brew, 277 A.D.2d 807, 716 N.Y.S.2d 748 (3rd Dept. 2000) (plaintiff's lack of capacity to maintain action warrants dismissal of the complaint). "If a foreign corporation falls within BCL §1312(a) and therefore must be authorized to do business in New York (because it is, in fact, so doing), before it may maintain an action in the State, it may not maintain an action in Federal court based on diversity jurisdiction."  Storwal International, Inc. v. Thom Rock Realty Company, L.P., 783 F. Supp. 1141, 1144 (S.D.N.Y. 1992)(citing Netherlands ShipMortgage Corp. v. Madias, 717 F.2d 731, 735 (2nd Cir. 1983)).

-2-

"The preclusive effect of N.Y. Bus. Corp. L. §1312 also applies to federal courts within the State of New York. Posadas de Mexico, S.A. de C.V. v. Dukes, 757 F. Supp. 297, 300 n.2 (S.D.N.Y. 1991)(citing Williams Erectors of Suffolk County v. Mulach Steel Corp., 684 F. Supp. 357 (E.D.N.Y. 1988)(Noncompliance with New York's "door closing statute" precludes unauthorized foreign corporation from maintaining diversity suit in the federal courts of New York.))

"An appropriate remedy for a § 1312(a) violation is a conditional dismissal or stay of the action pending cure of the violation." A.I. International Corporate Holdings, Inc. v. Surgicare, Inc., 2003 U.S. Dist. LEXIS 20561 *4 (S.D.N.Y. 2003)(citing S&K Sales Co. v. Nike, Inc., 816 F.2d 843, 853 (2nd Cir. 1987)

Dated:  August 28, 2006
        New York, New York


                    TROUTMAN SANDERS LLP

                    By: _____
                        Lee Henig-Elona  (LH-7252)

                    405 Lexington Avenue, 8th floor
                    New York, New York  10174
                    (212) 704-6000
                    Attorneys for Defendant

# State of New York
# Department of State  } ss:

I hereby certify, that I have made diligent examination of the index of corporation certificates filed by this department for an Application for Authority for K P SANGHVI & SONS and that upon such examination, I find no such Application for Authority to do business on file with this Department.

\*\*\*

*WITNESS my hand and the official seal of the Department of State at the City of Albany, this 23rd day of August two thousand and six.*

*Special Deputy Secretary of State*

*200608240365  63*