UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEWYORK
-------------------------------------------------------------X
K P SANGHVI & SONS,

                Plaintiff,

      -v-

M. FABRIKANT & SONS, INC.,

                Defendant.
-------------------------------------------------------------X

Case No.: 06 CIV 5751 (HB)

# MEMORANDUM OF LAW IN SUPPORT OF MOTION

# BY PLAINTIFF K P SANGHVI & SONS FOR SUMMARY JUDGMENT

Robert N. Swetnick, Esq.
*Attorney for Plaintiff*
217 Broadway, Suite 304
New York, New York 10007
(212) 349-2800

## **TABLE OF CONTENTS**

Background ……………………………………………………………………………..1

Point I – Summary Judgment is Warranted …………………………………………….1

Point II – The Affirmative Defense is Without Sufficient Merit to Defeat the Motion ………..3

Conclusion ……………………………………………………………………………..4

# TABLE OF AUTHORITIES

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986) ...............................2

Barwick v. Celotex Corp., 736 F.2d 946 (4th Cir. 1984) ................................................2

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986) ........................................ 1

Jerry Young v. Prince George's County, 335 F.3d 751 (4th Cir. 2004) ...............................2

Lok Pakistan v. India Abroad Publications, 2004 U.S. App. Lexis 7277 (2nd Cir. 2004) ...........3

Rogue v. NYP Holdings, Inc., 257 F.3d 164 (2nd Cir. 2001) ............................................1

Uribe v. Merchants Bank of NY, 266 A.D.2d 21, 697 N.Y.S.2d 279 (NY App. Div. 1999) .......3

Weinstock v. Columbia Univ., 224 F.3d 33 (2nd Cir. 2000) ..............................................2

## BACKGROUND

The underlying facts are not disputed. Plaintiff, which is a company existing under and by virtue of the laws of the India, with its principal place of business in India, had, for many years, sold diamonds to be used in the manufacture of jewelry to numerous customers, including the Defendant, M. Fabrikant & Sons, Inc.

There came a point in time when Defendant stopped paying its bills to the Plaintiff (as well as other vendors) on a timely basis and thereafter Plaintiff commenced the instant litigation. Annexed to Plaintiff's Complaint were the unpaid invoices.

Defendant interposed an Answer, and then an Amended Answer, in both it acknowledged making all of the purchases from the Plaintiff, having made no objection to the merchandise which was sold and delivered by the Plaintiff, and having failed to pay for such merchandise. In its Amended Answer Defendant alleged that rather than owing Plaintiff the amount sought in its Complaint, to wit: $1,889,750.35, Defendant owed $1,863,380.92. Rather than incurring the delay and expense litigating for the difference, Plaintiff is seeking Summary Judgment for the amount that Defendant acknowledges is past due and owing, to wit: $1,863,380.92.

## POINT I

## SUMMARY JUDGMENT IS WARRANTED

Federal Rules of Civil Procedure 56(c) provides that Summary Judgment is appropriate "if the pleadings…show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment is matter of law."

The moving party has the initial responsibility of informing the District Court of the basis for its motion and demonstrating the absence of a genuine issue of material fact. See Rogue v.

NYP Holdings, Inc., 257 F.3d 164 (2nd Cir. 2001), Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986). The pleadings in this case irrefutably demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Weinstock v. Columbia Univ., 224 F.3d 33 (2nd Cir. 2000). The defendant has acknowledged that it purchased and received the subject merchandise from the Plaintiff and that there is past due and owing from the Defendant to the Plaintiff the sum of $1,863,380.92.

The burden of proving that said sum is not past due and owing is shifted to the Defendant and it must "set forth specific facts showing that there is a genuine issue for trial" Fed.R.Civ.P. 56(e). To satisfy that burden, the Defendant must provide evidence which is significantly probative. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986). A "mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might rely." Jerry Young v. Prince George's County, 335 F.3d 751 (4th Cir. 2004), citing Barwick v. Celotex Corp., 736 F.2d 946 (4th Cir. 1984).

Inasmuch as the Answer interposed by the Defendant acknowledged all of the facts of the Complaint and, more importantly, acknowledged or admitted that there is past due and owing from the Defendant to the Plaintiff the sum of $1,863,380.92, not only has the Plaintiff has demonstrated that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, but it is has also demonstrated that, based upon the pleadings alone, there is no evidence which can create an issue for trial.

Summary Judgment is warranted and appropriate.

## POINT II

## THE AFFIRMATIVE DEFENSE IS WITHOUT SUFFICIENT MERIT TO DEFEAT THE MOTION

The Plaintiff and the Defendant have done business for years. Defendant is well aware of the fact that Plaintiff's office is in India, that Plaintiff has no office in New York, that Plaintiff has no employees or agents in New York, and that whenever it purchased goods from the Plaintiff, it selected the merchandise in India, purchased the goods in India, and inspected the goods in India prior to their shipment. The allegation that Plaintiff is doing business in New York is an unsubstantiated "red herring".

As the Court of Appeals recognized in Lok Pakistan v. India Abroad Publications, 2004 U.S. App. Lexis 7277 (2nd Cir. 2004) citing Uribe v. Merchants Bank of NY, 266 A.D.2d 21, 697 N.Y.S.2d 279 (NY App. Div. 1999), where a company has no office, no real property and no employees in the State, it cannot be considered doing business in the State without necessary Authority. Interestingly, in that case the defendant not only printed its newspaper in New York, but also had subscribers, distributors and advertisers in New York; yet the Court found that all of such contact was only "incidental to its business in interstate and international commerce" and not sufficient contact to require the plaintiff to have authority to conduct business in the State. In the instant case, there is far from even that level of "conducting business" in New York. The Defendant has failed to make any showing that the Plaintiff is "doing business" in New York and must obtain "authority" to commence this suit.

## **CONCLUSION**

For the forgoing reasons, it is respectfully requested that the motion for Summary Judgment be granted in all respects.

Dated: New York, New York
       November 14, 2006

                                    Respectfully submitted,

                                    _____
                                    ROBERT N. SWETNICK, ESQ. (RNS 6443)
                                    *Attorney for Plaintiff*
                                    217 Broadway, Suite 304
                                    New York, New York 10007
                                    (212) 349-2800