UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
K P SANGHVI & SONS,                               Case No.: 06 CIV 5751 (HB)

              Plaintiff,

    -v-                                            **AFFIDAVIT IN
                                                    SUPPORT OF MOTION FOR**
M. FABRIKANT & SONS, INC.,                        **SUMMARY JUDGMENT**

             Defendant.
----------------------------------------------------------X
STATE OF NEW YORK}
           .ss.:
COUNTY OF NEW YORK}

    ROBERT N. SWETNICK, an attorney duly admitted to practice before this Court, deposes and says as follows:

    1. This Affidavit is submitted in support of Plaintiff's motion for Summary Judgment pursuant to FRCP 56(c) against Defendant M. Fabrikant & Sons, Inc. for the sum of $1,863,380.92, for diamonds for jewelry sold and delivered by the Plaintiff to the Defendant. Judgment is sought for the sum that the Defendant, in its Answer, acknowledges is past due and owing to the Plaintiff.

    2. Annexed hereto as Exhibit "A" is a copy of the Summons and Complaint which were filed and duly served in this matter. The parties had done business together for many years. Apparently, due to certain business reversals, there came a point in time when the Defendant was unable to pay the Plaintiff, as well as most of its other vendors, on a timely basis. Annexed to the Complaint are a serious of invoices which remain past due and owing, from the Defendant to the Plaintiff.

    3. Annexed hereto as Exhibit "B" is the original Answer which the Defendant interposed in this action in which it acknowledged owing the plaintiff the entire sum which

Plaintiff sought in its Compliant, or $1,889,750.35. Shortly after this Answer was served the Defendant interposed an Amended Answer, a copy of which is annexed hereto as Exhibit "C". In its Amended Answer the Defendant continued to acknowledge that it purchased the subject goods from the Plaintiff, accepted the goods without objection, and that there were monies past due and owing to the Plaintiff. However, in the Amended Answer the Defendant alleged that the outstanding balance due from the Defendant to the Plaintiff was $1,863,380.92 rather than the $1,889,750.35, which plaintiff had sought.

4. The Defendant is apparently in dire financial circumstances and it has been widely and publicly reported that it intends to cease doing business, in all likelihood shortly after the upcoming holiday season. See Exhibit "D".

Although Defendant previously agreed to enter into a Stipulation permitting Plaintiff to enter judgment against the Defendant for the amount it acknowledges past due and owing, to wit: $1,863,380.92 and a Stipulation was drafted and presented to Defendant's counsel, counsel has, for weeks, failed to execute and return that Stipulation. If Plaintiff is unable to forthwith obtain judgment against the Defendant, in all likelihood, all of the Defendant's assets will be dissipated and Plaintiff will either have no redress or be forced to incur significant costs in attempting to trace the assets.

5. As is set forth in the annexed Memorandum of Law, Summary Judgment is appropriate where, as here, there is no genuine issue as to any material fact.

6. Inasmuch as the Defendant acknowledges owing $1,863,380.92 to the Plaintiff, there is obviously no genuine issue as to that fact, and there is no reason why Plaintiff should not immediately be permitted to enter judgment against Defendant for said.

7. The only affirmative defense raised by the Defendant is a mere conclusory allegation, without support in fact or law. Plaintiff exists under and by virtue of the laws of India and has no office in New York (or anywhere in the United States). Plaintiff has no employees or sales agents in New York. Plaintiff has no real property in New York. The subject goods were sold from Plaintiff's office in India to Defendant's sale representative, in India; the goods were inspected by Defendant, in India, prior to shipment. There has been no showing that Plaintiff is allegedly "doing business" in New York or required under New York Law to be authorized to conduct business in New York.

Defendant's "affirmative defense" is unsupported by any triable fact and is meant solely to delay resolution of this claim. As is more fully set forth in the accompanying Memorandum of Law, the Plaintiff does not "do business" in New York and is not mandated to "have authority" to maintain the instant action.

8. There are no genuine issues as to any material fact and if Plaintiff is not permitted to enter judgment at this time, it will be irreparably prejudiced.

**WHEREFORE**, it is respectfully requested that the motion be granted in all respects.

Dated: New York, New York
       November 14, 2006

_____
ROBERT N. SWETNICK, ESQ. (RNS 6443)
*Attorney for Plaintiff*

Sworn to before me this
14th day of November, 2006.

_____
Notary Public

Sandra Bermudez
Notary Public, State of NY
No. 01BE6071341
Qualified in Queens County
Commission Expires
March 18, 20_10_